No Response

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
MAY 13 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROGER DEANGELIS :
:
VS. : C.A. NO.: 04-250ML
:
GAIL FRANCES, INC.and :
FRANCES FLEET, INC. :

**DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S CLAIM FOR A JURY TRIAL**

Now comes the Defendant, Frances Fleet, Inc., and moves to strike and/or dismiss the Plaintiff's claim for a jury trial raised in his First Amended Complaint. By Stipulation, the Plaintiff dismissed with prejudice Counts I and II against Gail Frances, Inc.; leaving only Counts III and IV against Frances Fleet, Inc.; designated as actions in "Maritime Law". "Generally, there is no constitutional right to jury trial for admiralty claims." Concordia Company, Inc. v. Penek, 115 F.3d 67, 70 (1st Cir. 1997); citing Fitzgerald v. United States Lions Co. 374 U.S. 16, 19, 83 S.Ct. 1646, 1649, 10 L. Ed. 2d 720 (1963). Rule 38(e) of the Federal Rules of Civil Procedure provides:

> "**Admiralty and Maritime Claims**. These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

Further, Rule 82 of the Federal Rules of Civil Procedure provides, in part:

> "***An admiralty or maritime claim within the meaning of Rule 9(h) shall not be treated as a civil action for purposes of Title 28 U.S.C., §§1391-1392."

Rule 9(h) of the Federal Rules of Civil Procedure provides, in part:

> "***If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not.***"

Granted. Mary M. Lisi USDJ 6/7/05

Congress has created a statutory right to a jury trial for certain admiralty claims. See, e.g., 28 U.S.C. §1873 (1994)(Great Lakes Act); 46 U.S.C. App. §688 (1988)(Jones Act). The case before this Court is neither a Jones Act case or a Great Lakes Act case. Where claims are cognizable either in admiralty or in a nonmaritime ground of federal jurisdiction, Rule 9(h) sets forth a procedure by which Plaintiff indicates his choice to proceed in admiralty for a saving-clause claim in federal court pursuant to 28 U.S.C. §1333(1). In this case, however, the Plaintiff's claim for injuries on the high seas is cognizable only in admiralty or maritime law and there is no nonmaritime ground of federal jurisdiction. Further, the fact that the Plaintiff raised diversity of citizenship as a grounds for jurisdiction, will not assist him in obtaining a jury trial. See Rachal v. Ingram Corp., 795 F.2d 1210, 1216 (5th Cir. 1980)("There is no right to a jury trial where the complaint contains a statement identifying a claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well.")

## CONCLUSION

Counts III and IV are identified as maritime claims. Accordingly, pursuant to Fed. R. Civ. P. 38(e) the Plaintiff is not entitled to a jury trial on those counts and, therefore, his claim for a jury trial should be stricken and/or dismissed.

Defendant,
Frances Fleet, Inc.,
By its attorneys,

Peter E. Garvey, Esq., #5330
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**CERTIFICATION**

I hereby certify that on this 13th day of May, 2005, I mailed a true copy of the within document to:

Lawrence L. Goldberg, Esq.
LAWRENCE L. GOLDBERG LAW ASSOCIATES
96 Jefferson Boulevard
Warwick, RI 02888

Thomas M. Bond, Esq.
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210